### W. T. DRAKE v. THE STATE.

#### No 7203.  Decided November 22, 1922.

**Aggravated Assault—Newly Discovered Evidence—Motion for New Trial.**

Where, upon trial of aggravated assault, taking into account the incriminating evidence, this court is of opinion that the trial court should have granted the motion for new trial, especially as the State's case is not a strong one, and the alleged newly discovered evidence supports the testimony of the defendant in every important particular.

Appeal from the County Court of Wichita.  Tried below before the Honorable Guy Rogers.

Appeal from a conviction of aggravated assault; penalty, a fine of $250 and six months confinement in the county jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited Barber v. State, 223 S. W. Rep., 456; Torex v. State, 217 id., 948; Cottrell v. State, 237 id., 928.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for aggravated assault; punishment fixed at a fine of $250 and confinement in the county jail for six months.

According to the prosecutrix, the appellant came to the hotel at which she was working as a chambermaid, exhibited a police officer's badge of a certain number and told her that unless she submitted to his embraces, he would take her to the City Hall; that upon this threat she surrendered her person.  She claimed that she had done nothing to justify any arrest; that she and the appellant were strangers save that one afternoon she had met him near the post-office and that they had exchanged telephone numbers; that he had called her over the telephone and suggested a meeting; that on the evening of the alleged assault she had declined to meet him and he came to the hotel.  The landlady was absent.  The prosecutrix and

the appellant conversed in the landlady's room for something like an hour; he insisting upon her submission, and she finally consenting, going with him from the landlady's room to that which the prosecutrix occupied. In traversing the distance, she passed the rooms of other persons who were inmates of the hotel in which she was wroking. She claimed that she had a baby which was with relatives in St. Jo, Texas, where she formerly lived; that she had been married and separated though not divorced; that in Wichita County she had not had previous sexual intercourse with any other men. After the episode which she described, she related the facts to one of the persons who dwelled in the hotel. Some time later the appellant was arrested.

Appellant testified that he was a single man; had been a police officer, but before the date of the offense had surrendered his badge; had learned from a friend the telephone number of the prosecutrix and talked with her over the telephone and arranged a meeting. In accord with this arrangement she met him at the post-office. They went together to the theater and agreed that he should call at the hotel that night. His presence on the occasion of the alleged offense was in accord with this engagement. Her behavior, according to the appellant, was that of a prostitute. She accompanied him to her room and engaged in the act without protest and on three subsequent occasions submitted to his embraces on two of which he paid her.

Newly discovered evidence was relied upon for a new trial. Upon the hearing, witnesses were called and testified. The Chief of Police of Wichita Falls testified that the appellant had no police badge but had returned it before the date of the offense. Another witness testified that the prosecutrix had been married about seven years. From her first husband she was divorced, and a year thereafter gave birth to a son. She married another man and there was separation but no divorce. She had been caught in compromising positions with other men and sustained a bad reputation for truth and veracity and for chastity. This witness had visited the room of the hotel where she worked while in Wichita Falls. She had been brought to his room by the porter for the purpose of sexual relations; that for reasons which he stated this did not take place but that he had had previous sexual relations with her in Montague County.

Taking into account the incriminating evidence, we think the trial judge should have granted the motion for new trial. The State's case is not a strong one. The new evidence supporting the appellant's testimony that he had no police badge is important as combatting the State's theory and the testimony of the prosecutrix that by the use of the badge he put her in fear of arrest. Her failure to make outcry to those available who would have protected her against the assault is explained alone by the claim that the appellant exhibited his

police badge. Her admission that she gave the appellant, who was a stranger, her telephone number upon his request and her limitation of her denial of sexual intercourse with others by stating that it had not occurred other than in Wichita County gives color of truth to the new evidence by which it was designed to show that for both truth and veracity and chastity her conduct had earned her a bad reputation before she came to Wichita County. The newly discovered evidence is not wholly impeaching. That of the police officer is to an affirmative fact, inconsistent with the State's theory. Proof of her previous character and reputation tend to support the appellant's testimony that she was a prostitute and consented to the intercourse without coercion.

Because a new trial was denied, the judgment is reversed and the cause remanded.

*Reversed and remanded.*